MR. JUSTICE SHEA,
dissenting:
I join the dissent of Justice Sheehy. Comparative negligence was instituted to ameliorate the harshness of the doctrine of strict contributory negligence. This does not mean, however, that because a negligence concept has been changed to ameliorate its harshness, that the question of comparison must always go to the jury. There first must be negligence to compare before there is a legitimate issue of comparative negligence. Here the plaintiff stopped, had a right to stop, and had every right to assume that the following vehicle would stop before striking plaintiffs vehicle. The record shows no evidence that plaintiff was negligent and Justice Sheehy has amply set forth the law on the duties of the following driver.
I have no difficulty in holding that the following driver was negligent as a matter of law. There being no negligence on the part of the plaintiff, all the negligence can properly be attributed to the defendant who rear-ended the plaintiff’s vehicle. I would affirm the trial court’s order granting judgment notwithstanding the verdict and ordering a new trial on the issues of damages only.